IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION 4

| | | |
|---|---|---|
| JAMES MOORE, on behalf of himself and all similarly situated persons and entities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-2015-110 |
| PLAINTIFF, | | |
| v. | | FIRST AMENDED CLASS ACTION COMPLAINT |
| MACK'S SPORT SHOP, LLLP d/b/a MACK'S PRAIRIE WINGS, LLLP and YETI COOLERS, LLC, | | JURY TRIAL DEMANDED |
| DEFENDANTS. | | |

Plaintiff, James Moore, on behalf of himself and on behalf of all other similarly situated persons and entities, for his First Amended Class Action Complaint alleges as follows:

I.

## NATURE OF THE ACTION

1. This is a Class Action Complaint for deceptive trade practices and for breach of contract for all Arkansas consumers who purchased a Yeti cooler from the Defendant Mack's. Among other forms of relief, the named Plaintiff and the Class Members seek restitution for the deceptive collection of unlawful monies, damages for breach of contract, damages for violation of the Uniform Commercial Code – Sales, interest, injunctive and declaratory relief enjoining the future unlawful conduct.

II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Ark. Const., Article 16, § 13, Ark. Const.,

Amend. 80, § 6, and Ark. Code Ann. § 16-13-201(a). This Court also has jurisdiction pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

3. This Court has personal jurisdiction over Mack's Sport Shop, LLLP d/b/a Mack's Prairie Wings, LLLP (hereinafter "Mack's") and Yeti Coolers, LLC (hereinafter "Yeti) pursuant to ARK. CODE ANN. § 16-4-101. At all times material to this action, Defendants were conducting business in the State of Arkansas.

4. Venue for this civil action is proper in Pope County pursuant to ARK. CODE ANN. § 16-60-101(a)(3)(A) on the ground that Plaintiff is a resident of Pope County.

5. The named Plaintiff and the Class Members assert no federal question. The state law causes of action asserted herein are not federally pre-empted.

6. Plaintiff brings this civil action on behalf of himself and on behalf of other Mack's consumers of Yeti coolers in Arkansas to enjoin the illegal established practices of the Defendants. Plaintiff brings this Class Action complaint for deceptive trade practices and breach of contract for deceptively advertising and selling Yeti coolers as containing more volume than they actually contain. The named Plaintiff and the class members assert that the amount in controversy will not exceed the sum or value of $5,000,000, including compensatory damages, restitution, injunctive relief, interest, costs and attorney's fees. Plaintiff specifically waives any right to any amount in controversy which exceeds $5,000,000, including compensatory damages, restitution, injunctive relief, interest, costs and attorney's fees. The aggregate amount in controversy of the Class Members' claims does not and will not exceed $5,000,000. Upon information and belief, no individual claim will exceed $500.

## III.

## THE PARTIES

7. Plaintiff James Moore (hereinafter referred to as "Plaintiff") is an individual

-2-

residing in Pope County, Arkansas. Plaintiff is a member and proposed representative of a class of Arkansas consumers who bought a Yeti Cooler(s) from the Defendant Mack's.

8. Defendant Mack's is a domestic, limited liability partnership registered to do business in the State of Arkansas. Defendants' registered agent for service is Eric Chin, 2335 Hwy 63 North, Stuttgart, AR 72160.

9. Defendant YETI Coolers, LLC ("YETI") is a Delaware limited liability company which makes its coolers available for sale to consumers throughout Arkansas at retailers like Defendant Mack's. Defendant YETI's registered agent for service of process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

IV.

## FACTUAL ALLEGATIONS

A. **Summary of Class Allegations**

10. Mack's Prairie Wings advertises itself as America's Premiere Water Fowl Outfitter and the biggest and most extensive water fowl hunting website on the web. The Defendants' headquarters are located at 2335, Highway 63 North, Stuttgart, Arkansas 72160 and maintains a retail hunting website located at www.mackspw.com

11. Defendant Mack's is a dealer for Yeti Coolers which are expensive, premium coolers of varying sizes. Defendants are sellers of Yeti Coolers for purposes of Ark. Code Ann. 4-2-103(d).

12. The Defendant advertises various models of the Yeti Coolers and the chart below shows the advertised volume verses the actual volume of the Yeti Coolers:

| MODEL | ADVERTISED QUARTS | ACTUAL QUARTS |
|---|---|---|
| YT35B | 35 | 28.80 |
| YT45W | 45 | 37.60 |
| YT50 | 50 | 45.80 |
| YT65W | 65 | 57.20 |
| YT75W | 75 | 74.80 |
| YT85 | 85 | |
| YT105W | 105 | 87.20 |
| YT120 | 120 | |
| YT155 | 155 | |
| YT250W | 250 | 232.40 |

13. Upon information and belief, documents provided by Defendant YETI to Defendant Mack's, including invoices, *falsely* indicate the capacity of the coolers and that it is appropriate for Defendant Mack's to create advertisements, floor displays, and other materials promoting the volume capacity of various Yeti coolers in "advertised quarts," as listed above. In fact, however, Defendant YETI's documents are false, fraudulent, and misleading in that the coolers can only hold the "actual quarts" specified in the above chart.

14. It is standard practice within the cooler industry to use a numerical designation within the name or model of a cooler in order to signal the volume capacity, in quarts, of that particular cooler. This practice is so regularly observed within the trade so as to justify consumers' expectation that it would be observed with respect to Yeti Coolers.

15. On October 21, 2014 Plaintiff James Moore ordered a Yeti 45 Quart Tundra Cooler from the Defendant and paid a total of $386.74. (See Exhibit A, attached).

16. Plaintiff subsequently discovered that the Yeti 45 Quart Tundra Cooler was not

4

forty-five quarts as advertised by the Defendant, but rather, only 37.6 quarts.

17. Upon information and belief, the Defendants misrepresents the actual volume of each and every model Yeti Cooler sold by Defendant Mack's. Defendants misrepresent the actual volume of Yeti coolers in Mack's store, on Mack's website, and in the written advertisements Defendant Mack's sends through the United States mail.

18. Plaintiff and the proposed class members relied upon the statements of the Defendants to their detriment.

19. Defendants' conduct, through its representatives, is without justification. The Defendants have defrauded the consumers by advertising the Yeti coolers volume to be larger than actual size.

20. Upon information and belief, the money collected from the sale of the Yeti coolers has been used for the benefit of the Defendants.

V.

## CLASS ACTION ALLEGATIONS

21. The named Plaintiff brings this action as a Class Action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure on behalf of:

> All Arkansas consumers and entities, including Plaintiff and all similarly situated persons for the period from April 15, 2009 to the present ("Class Period") who purchased a Yeti cooler from the Defendant Mack's, either at a Mack's retail store or over the internet.
>
> Excluded from the class are the agents, affiliates and employees of the Defendants and the assigned judge and his/her staff, and members of the appellate court and their staff.

22. **Numerosity.** The requirements of Rule 23(a) are satisfied in that there are too many Class Members for joinder of all of them to be practicable. Defendant Mack's is a large

retail business located in Stuttgart, AR and is the "biggest waterfowl hunting website on the web." As a result, the Class is so numerous that joinder of all members in a single action is impracticable. The members of the Class are readily identifiable from the information and records in the possession or control of Defendants.

23. **Commonality.** The claims of the Class Members raise numerous common issues of fact and law, thereby satisfying the requirements of Rule 23(a). These common legal and factual questions, which do not vary from one Class Member to another, and which may be determined without reference to the individual circumstances of any Class Member, include, but are not limited to, the following questions:

    A.    Whether Defendants' conduct constitutes breach of contract;

    B.    Whether Defendants participate in and pursues the common course of conduct complained of herein;

    C.    Whether Defendants' conduct violates Arkansas common law;

    D.    Whether Defendants' conduct constitutes a deceptive trade practice;

    E.    Whether Defendants' wrongful conduct resulted in economic damages to Plaintiff and members of the Class;

    F.    Whether the Class is entitled to damages and, if so, the amount of such damages;

    G.    The nature of additional relief to which Plaintiff and the Class are entitled, including, but not limited to, an Injunction for the conduct alleged herein and the establishment of a Constructive Trust.

24. **Typicality.** The claims of the named Plaintiff are typical of the unnamed Class Members because they have a common source and rest upon the same legal and remedial theories, thereby satisfying the requirements of Rule 23(a). For example, the named Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class Members were injured or damaged by the same wrongful practices in which Defendant engaged, namely the

6

breach of contract, violation of the Uniform Commercial Code – Sales, and deceptive practices.

25. **Adequacy of Representation.** The requirements of Rule 23(a) are satisfied in that the named Plaintiff has a sufficient stake in the litigation to vigorously prosecute this claim on behalf of the Class Members, and the named Plaintiffs interests are aligned with those of the proposed class. There are no defenses of a unique nature that may be asserted against Plaintiff individually, as distinguished from the other members of the Class, and the relief sought is common to the Class. Plaintiff does not have any interest that is in conflict with or is antagonistic to the interests of the members of the Class, and has no conflict with any other member of the Class. Plaintiff has retained competent counsel experienced in class action litigation to represent him and the Class in this litigation.

26. **Declaratory and Injunctive Relief.** All of the requirements for Rule 23 also are satisfied in that the Defendants' actions affected all Class Members in the same manner, making appropriate final declaratory and injunctive relief with respect to the Class as a whole. For example, Plaintiff seeks with respect to the Class as a whole a declaration that the Defendants breached a contract. Furthermore, injunctive relief is necessary to prevent others from succumbing to Defendants' unlawful practices. Because the monetary damages to an individual Class Member is relatively small and is ascertainable to a liquidated amount, monetary relief does not so overwhelm this action that it cannot also be certified for injunctive relief in order to enjoin Defendants from further violating Arkansas statutory and common law.

27. **Predominance and Superiority.** All of the requirements for Rule 23(c) are satisfied in that class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are significant, the individual damages incurred by each Class

Member resulting from Defendants' unlawful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class Members prosecuting separate claims is remote and, even if every Class Member could afford individual litigation, the court system would be unduly burdened by individual litigation in such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent or contradictory judgments while magnifying the delay and expense to all parties and to the court system resulting in multiple trials of the same factual issue and creating the possibility of repetitious litigation. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with regard to the members of the Class as a whole.

## VI.

## CAUSES OF ACTION

**COUNT I - VIOLATIONS OF ADTPA, ARK. CODE ANN. § 4-88-101, et seq.**

28. Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

29. Pursuant to the ADTPA, ARK. CODE ANN. § 4-88-113(f), Plaintiff and the Class Members are entitled to bring a private action for Defendants' violation of the ADTPA because, among other things, they have suffered an ascertainable loss of money, namely that the payment of monies for a Yeti cooler that was misrepresented by Defendants.

30. Defendants' collection of the above described monies constitutes an unfair or deceptive practice which affects trade or commerce within Arkansas in violation of the ADTPA, ARK. CODE ANN. § 4-88-107 & 108.

31. Defendants uniformly represented to Arkansas consumers that the advertised volume of the Yeti Cooler was accurate.

32. Defendants, as part of their regular and intended practice, knew that its customers were unaware of the fact that Defendants misrepresented the volume of Yeti coolers in violation of Arkansas law. Defendants intentionally failed to advise their customers of these facts.

33. Defendants' conduct described in the preceding paragraphs was not isolated or unique to the Plaintiff, but was widespread, covering the time period of at least the past five (5) years, affecting thousands of Arkansas consumers, and was a regular and intended business practice of Defendant, instituted and implemented with a view towards unfairly profiting at the expense of its customers.

34. As a result of the above described unfair or deceptive acts or practices, all of which affect the conduct of trade and commerce in Arkansas, Defendants have violated the following provisions of the ADTPA, ARK. CODE ANN § 4-88-107(a):

> (1) representing that its goods or services have...characteristics...uses, or benefits that they do not have;
>
> (3) advertising goods or services with the intent not to sell them as advertised;
>
> (10) engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade.

35. As a result of Defendants' violations of the ADTPA, Plaintiff and other members of the Class have thereby suffered ascertainable losses, the exact amount of which is presently unknown, but which is capable of being liquidated.

36. As a result of Defendants' violations of the ADTPA, Defendants are liable to

9

Plaintiff and the other members of the Class for all actual damages, including but not limited to, (1) the rescission of their payment for every Yeti Cooler sold, (2) pro rata reimbursement based on actual volume, (3) pre- and post-judgment interest on pro-rata reimbursement, (4) cost of suit, including experts' fees, (5) and such other costs and/or relief which the Court determines.

37. Plaintiff and the Class Members further request their reasonable attorney's fees and costs, pursuant to the ADTPA, ARK. CODE ANN. § 4-88-113(e).

**COUNT II – INTENTIONAL MISREPRESENTATION, FRAUD, AND DECEIT**

38. Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

39. Defendants engage in continuous and systematic misrepresentations of material facts to the Class, including Plaintiff, by representing and advertising the incorrect volume of the Yeti Coolers.

40. Defendants know that the misrepresentations are false or has reckless disregard for the truth or falsity of the representations due to Defendants' extensive knowledge and experience in the retail sales industry.

41. Defendants intend for Arkansas consumers to act in reliance upon the misrepresentations by paying the bill of sale. Since Defendants' conduct is designed to induce Arkansas consumers to pay the unlawful charges, Defendants' conduct constitutes a continuous deception where reliance is assumed.

42. Plaintiff and the Class justifiably relied upon the Defendants' misrepresentations due to Defendants' knowledge and experience in the retail sales industry. As a result of the reliance, Plaintiff and the Class suffered damages.

## COUNT III - DECLARATORY AND TEMPORARY AND PERMANENT INJUNCTIVE RELIEF PURSUANT TO ADTPA, ARK. CODE ANN. § 4-88-101, et seq.

43.     Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

44.     Pursuant to § 4-88-101, *et seq.* of the ADTPA, Plaintiff and the Class Members request a declaration that the deceptive and/or unfair acts and practices with respect to the misrepresentation of the volume of Yeti Coolers is in violation of the ADTPA. Further, Plaintiff and the Class Members seek a Temporary and Permanent Injunction to enjoin Defendants from further violating the ADTPA as described herein.

## COUNT IV -- UNJUST ENRICHMENT

45.     Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

46.     A benefit has been conferred upon Defendants by the Plaintiff and the Class Members due to the purchase by Arkansas consumers of misrepresented Yeti Coolers. Defendants' acceptance and retention of such benefit is inequitable.

47.     As a result of the unlawful acts and practices of Defendants described above, Defendants were unjustly enriched by the monies it collected from Plaintiff and the Class. Plaintiff and the Class are entitled to damages as a result of Defendants' unjust enrichment, including the disgorgement of all monies taken by Defendants from Plaintiff and the Class.

## COUNT V – CONSTRUCTIVE TRUST

48.     Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

11

49. A constructive trust arises contrary to intention and *in invitum* [against an unwilling party], against one who, by commission of a wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. As a result of the above described wrongful conduct, Defendants have obtained monies from the Plaintiff and the Class Members which, in equity and good conscience, they should not hold and enjoy. This Court should establish a constructive trust from which the Plaintiff and the Class Members may claim their fees.

## COUNT VI – NEGLIGENCE AND GROSS NEGLIGENCE

50. Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

51. As a leader in the retail sales business in Arkansas and the United States, Defendants owed a duty of reasonable care in the advertising of Yeti Coolers to Plaintiff and the Class Members. This duty included accurately describing the volume of Yeti Coolers, since volume (quarts) is the industry standard for sizing of coolers. Defendants, however, breached these duties by misrepresenting the volume of the Yeti coolers.

52. As a direct and proximate result of the negligence and/or gross negligence of Defendants, Plaintiff and the Class Members have suffered damages.

## COUNT VII – BREACH OF CONTRACT

53. Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

54. Defendants seek out, provide, and/or sanction written advertisement to consumers for the sale of Yeti Coolers.

55. Defendants clearly misrepresent the actual volume of every Yeti Cooler carried by Defendant Mack's.

56. Plaintiff and the Class members accepted the written and/or advertised terms of the transaction and paid for a Yeti Cooler based upon the volume representations of the Defendants.

57. Defendants breached the written and/or advertised terms by failing to provide the Plaintiff and class members with a cooler the actual volume advertised.

58. Defendants' breach of the written and/or advertised terms is unlawful and unjustified.

59. As a result of Defendants' breach of contract, Plaintiff and other members of the Class have thereby suffered ascertainable losses, the exact amount of which is presently unknown, but which is capable of being liquidated.

**COUNT VIII – BREACH OF EXPRESS WARRANTIES, Ark. Code Ann. § 4-2-313**

60. Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

61. Defendants' written advertisements and other materials create affirmations of fact regarding the volume of every Yeti Cooler carried by Defendant Mack's. (*See* Exhibit A, attached.) These affirmations of fact become a part of the basis of the bargain between Arkansas consumers and the Defendants, creating express warranties that the coolers will conform to the affirmations. Ark. Code Ann. § 4-2-313(1)(a).

62. Defendants' written advertisements and other materials create a description of each Yeti Cooler carried by Defendant Mack's. (*See* Exhibit A, attached.) These descriptions

become a part of the basis of the bargain between Arkansas consumers and the Defendants, creating express warranties that the coolers will conform to the descriptions. Ark. Code Ann. § 4-2-313(1)(b).

63. Defendants breached these express warranties by failing to provide the Plaintiff and Class Members with a cooler the actual volume advertised.

64. Because Class Members were persons whom Defendants might reasonably have expected to use, consume, or be affected by the Yeti Coolers Class Members purchased, any lack of privity between Class Members and any Defendant is no defense to an action for breach of warranty, express or implied. Ark. Code Ann. 4-86-101.

## COUNT IX – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY, Ark. Code Ann. § 4-2-314(1)

65. Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

66. Defendants deal in Yeti Coolers and also hold themselves out as having knowledge or skill peculiar to Yeti Coolers sold to Arkansas consumers. Defendants are therefore merchants with respect to those Yeti Coolers. Ark. Code Ann. § 4-2-104(1).

67. Because Defendants are merchants with respect to Yeti Coolers, Defendants' sales of Yeti Coolers to Class Members included an implied warranty that the coolers were merchantable. Ark. Code Ann. 4-2-314(1).

68. Defendants' Yeti Coolers sold to Class Members were not merchantable because:

    (a) The coolers were unable to pass without objection in the trade under the contract description, Ark. Code Ann. § 4-2-314(2)(a); and

    (b) The coolers did not conform to the promises and affirmations of fact made on their containers and labels, Ark. Code Ann. § 4-2-314(2)(f).

69. Because Class Members were persons whom Defendants might reasonably have expected to use, consume, or be affected by the Yeti Coolers Class Members purchased, any lack of privity between Class Members and any Defendant is no defense to an action for breach of warranty, express or implied. Ark. Code Ann. 4-86-101.

### COUNT X – BREACH OF IMPLIED WARRANTY TO CONFORM WITH USAGE OF TRADE, Ark. Code Ann. § 4-2-314(3)

70. Plaintiff incorporates all allegations in each preceding paragraph as if fully set forth herein.

71. It is standard practice within the cooler industry to use a numerical designation within the name or model of a cooler in order to signal the volume capacity, in quarts, of that particular cooler. This practice is so regularly observed within the trade so as to justify consumers' expectation that it would be observed with respect to Yeti Coolers. That being so, this standard of practice is a usage of trade within the cooler industry. Ark. Code Ann. § 4-1-303(c).

72. Pursuant to Ark. Code Ann. § 4-2-314(3), this usage of trade created an implied warranty that Defendants' Yeti Coolers purchased by Class Members exhibited a volume capacity, in quarts, consistent with the numerical designation within the names or models of the coolers.

73. Defendants breached this implied warranty by failing to provide the Plaintiff and Class Members with coolers which conformed to this usage of trade.

74. Because Class Members were persons whom Defendants might reasonably have expected to use, consume, or be affected by the Yeti Coolers Class Members purchased, any lack of privity between Class Members and any Defendant is no defense to an action for breach of warranty, express or implied. Ark. Code Ann. 4-86-101.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, the named Plaintiff and the Class Members demand judgment against Defendants on each Count of the Complaint and the following relief:

1. For an Order certifying that this action may be maintained as a class action, appointing Plaintiff and his counsel to represent the Class, and directing that reasonable notice of this action be given by Defendants to Class Members;

2. Award each plaintiff Class Member their compensatory damages and/or restitution;

3. Grant the Plaintiff and Class Members their reasonable attorney's fees and costs incurred in this litigation;

4. Award pre-and post-judgment interest as provided by law in amount according to proof at trial;

5. Institute a constructive trust for the benefit of the Plaintiff and Class Members;

6. Enjoin Defendants from further engaging in the unlawful practices outlined above; and

7. Grant the Plaintiff Class Members such further relief as the Court may deem just and proper.

fack's Prairie Wings - Duck Hunting, Hunting Dog Training, Ammuni...   htt   www.mackspw.com/Members/OrderComplete.asp»

A copy of your order will be sent to: rotorooter3@yahoo.com

Your Web Order Reference Number is: 1881452

Thank you very much for placing your order with us.

Please use this number in any inquiries regarding your order.

You may wish to print or save this page for future reference.

**Bill To**
Mr.
James Ray Moore
1503 South Knoxville Ave
Russellville, Arkansas 72802
USA
Ph: 4799706085
Ph: 4799706085

**Ship To**
Mr.
James Ray Moore
1503 South Knoxville Ave
Russellville, Arkansas 72802
USA
Ph: 4799706085
Ph: 4799706085

**Order Summary**

Item Description
Availability
Quantity
Unit Price
Total Price

Yeti 45 Quart Tundra Cooler  Item #: YETYT 45 TAN
In Stock
1
1
$349.99   $349.99

The availability status shown above is current as of 10:45 AM CST, Tuesday, October 21

| | |
|---|---|
| Subtotal: | $349.99 |
| Shipping Ground Shipping Charge: | Free! |
| Tax: | $36.75 |
| Total Cost: | $386.74 |

Our Company | Need Help? | Resources | Useful Links
Follow Us
Sign Up For Emails
Bizrate Circle of Excellence Bizrate Customer Certified

Mack's Prairie Wings is not responsible for typographical errors in pricing or product specification inaccuracies in our web site. Prices are subject to change without notice.

Copyright © 2004-2014 - Mack's Prairie Wings, Inc. - All rights reserved. Site Developed and Maintained by Ability Commerce

Mack's Prairie Wings takes pride in being the biggest and most extensive waterfowl hunting website on the web. The one thing we want you to know about Mack's Prairie Wings is that we hunt ducks! Mack's specializes in waterfowl gear but we also carry a huge line of various Hunting Decoys, products for Hunting Dogs, a large selection of Hunting Optics, Casual and Hunting Footwear, Casual and Hunting Clothing, Hunting Home and Kitchen Decor, Gifts for the Hunter, products for your ATV and Truck, Shooting Gear, Deer Hunting Gear and much more. Hunters choose the gear that goes onto the pages of our website and catalogs and onto the shelves into our stores, and that's why Mack's will always be able to offer the best selection of waterfowl and other hunting-related products in the world at the most competitive prices. Mack's Prairie Wings is proud of the quality of our products and want you to be fully satisfied with your purchase. Buy with confidence from Mack's as we've just made our 30 day return policy even EASIER! Our customer service experts are available to you by online chat, email, and phone. Check out our exclusive extras like the Hunting 101 page, our Social Networking sites, and a great Bargain Blind for super sales. At Mack's, we are proud to be a part of the BizRate Circle of Excellence for customer service and satisfaction. Be assured...when you buy waterfowl and hunting equipment from Mack's Prairie Wings, you buy from the best!

Tools
Home
Newsletter Sign Up
Bargain Blind
My Cart



PLAINTIFF'S
EXHIBIT
A